UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVIN T. KIESEWETTER ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> NORTHLAND GROUP, INC. ) <br> Defendant ) <br> ) | CIVIL ACTION <br><br> COMPLAINT <br><br><br><br><br> JUNE 18, 2009 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant debt collector. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### II. PARTIES

2. Plaintiff, Davin T. Kiesewetter, is a consumer residing in East Granby, Connecticut.

3. Defendant, Northland Group, Inc. ("Northland"), is a Minnesota Corporation and is licensed with the Connecticut Department of Banking as a consumer collection agency.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Northland because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. On or around February 2009, Plaintiff retained an attorney for the purposes of filing bankruptcy, and Plaintiff's AT&T Universal Card account through Citibank, N.A. ("Citi") was to be included in the proposed filing.

8. On or around the beginning of March 2009, Citi had called and spoken with Plaintiff regarding said account, and during that call, Plaintiff had informed Citi of the pending bankruptcy and given it his attorney's contact information.

9. Citi subsequently assigned the account to Northland for collection purposes.

10. On or around May 11, 2009, Northland representative John Meyer ("Meyer") phoned Plaintiff's residence and spoke with Plaintiff in an attempt to collect the debt.

11. During that phone call conversation, Plaintiff told Meyer that he was filing for bankruptcy and had already given Citi his attorney's contact information.

12. Meyer responded that Citi had not relayed any such information to Northland, at which point Plaintiff attempted to give him his attorney's contact information.

13. Meyer told Plaintiff that he did not want his attorney's contact information because that information did not matter, and then he proceeded to question Plaintiff about his intentions with the bankruptcy, to which Plaintiff replied that such questions should be directed to his attorney.

14. Meyer told Plaintiff that he was not obligated to contact Plaintiff's attorney since it was Plaintiff's name that was on the account, and he told Plaintiff that he could call him whenever he wants.

15. Plaintiff told Meyer that he did not have to answer his questions – as that was what his attorney was for - and Meyer asked Plaintiff whether he was an attorney, at which point Plaintiff ended the conversation and hung up.

16. The next day, Meyer called Plaintiff sometime between 8:30 and 9:00 in the evening, and Plaintiff answered that call and immediately told Meyer that he was not supposed to be calling him, and that he was supposed to contact his attorney instead, and Meyer replied by claiming that Plaintiff had never told him that nor given him his attorney's contact information.

17. Plaintiff told Meyer that he had already given him his attorney's contact information but was nonetheless willing to give it to him again, and Plaintiff proceeded to tell Meyer his attorney's contact information.

18. Despite having been informed of Plaintiff's attorney's contact information multiple times, Meyer proceeded to ask Plaintiff questions about his bankruptcy, and he asked Plaintiff whether a settlement offer would possibly help, and Meyer asked whether Plaintiff's attorney might be willing to accept a settlement offer.

19. Plaintiff replied that he was not interested in discussing with him such matters and hung up.

20. Approximately a week later, Plaintiff received from Northland a letter signed by Meyer offering to reduce his account balance by offering a settlement.

## V. CLAIMS FOR RELIEF

**CAUSE OF ACTION**
**Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.**

21. Plaintiff incorporates Paragraphs 1-20.

22. Northland violated FDCPA § 1692c(a)(2) by contacting Plaintiff after knowing or having reason to know that Plaintiff was represented by legal counsel.

3

23. Northland violated FDCPA § 1692e(10) by falsely representing that Northland could call Plaintiff whenever it wanted to, and that Plaintiff's notifying it of his attorney's contact information had no bearing on whether Northland could continue to contact Plaintiff and ask Plaintiff questions about his account and his pending bankruptcy filing.

24. Northland violated FDCPA § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff.

25. Northland violated FDCPA § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

26. For Northland's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover his actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

     WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

                          PLAINTIFF, DAVIN T. KIESEWETTER

                          By: *[signature]*
                          Daniel S. Blinn, ct0218
                          Matthew W. Graeber, ct27545
                          dblinn@consumerlawgroup.com
                          Consumer Law Group, LLC
                          35 Cold Spring Rd. Suite 512
                          Rocky Hill, CT  06067
                          Tel. (860) 571-0408; Fax. (860) 571-7457